# No. 25-1792

# United States Court of Appeals for the Federal Circuit

---

LIGADO NETWORKS LLC,
 *Plaintiff-Appellee*,

v.

UNITED STATES,
 *Defendant-Appellant.*

---

Appeal from the United States Court of Federal Claims
Case No. 23-1797L, Hon. Edward J. Damich

---

## APPELLEE LIGADO NETWORKS LLC'S UNOPPOSED MOTION TO EXPEDITE ORAL ARGUMENT

---

Harris M. Fischman
Martin Flumenbaum
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019
Tel: (212) 373-3000
Email: hfischman@paulweiss.com

Philippe Z. Selendy
Yelena Konanova
David A. Coon
SELENDY GAY PLLC
1290 Avenue of the Americas
New York, NY 10104
Tel: (212) 390-9000
Email: pselendy@selendygay.com

Donald B. Verrilli, Jr.
Ginger D. Anders
MUNGER, TOLLES & OLSON LLP
601 Massachusetts Ave. NW
  Suite 500E
Washington, DC 20001
Tel: (202) 220-1100
Email: donald.verrilli@mto.com

Kevin F. King
COVINGTON & BURLING LLP
850 10th Street NW
Washington, DC 20001-4956
Tel: (202) 662-6000
Email: kking@cov.com

October 6, 2025         *Counsel for Ligado Networks LLC*

# CERTIFICATE OF INTEREST

Counsel for Ligado Networks LLC certifies the following:

1. The full name of every party represented by me in this case is:

   Ligado Networks LLC

2. The names of the real parties in interest represented by me are:

   None other than Ligado Networks LLC.

3. All parent corporations and any publicly held companies that own 10% or more of stock in the parties represented by me are:

   Ligado Networks LLC has no parent corporation. The following publicly held companies may hold, either directly or indirectly, 10% or more of Ligado Networks LLC: Great Elm Group, Inc., and JPMorgan Chase & Co.

4. The law firms, partners, and associates that appeared for the parties now represented by me before the originating court or that are expected to appear in this court (and who have not entered an appearance in this Court) are:

   Carter E. Greenbaum of Paul, Weiss, Rifkind, Wharton & Garrison LLP, 1285 Avenue of the Americas, New York, NY 10019, and Megan Crowley of Covington & Burling LLP, 850 10th Street NW, Washington, DC 20001.

5. The title and number of any case known to counsel to be pending in this or any other court or agency that will directly affect or be directly affected by this Court's decision in the pending appeal is:

   N/A

6. Organizational Victims and Bankruptcy Cases: Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees) are not applicable because this is not a criminal or bankruptcy case. See Fed. Cir. R. 47.4(a)(6).

   N/A

DATED: October 6, 2025                By: /s/ *Donald B. Verrilli, Jr.*
                                          Donald B. Verrilli, Jr.

Pursuant to Federal Rule of Appellate Procedure 2 and Federal Circuit Rule 27(c), Plaintiff-Appellee Ligado Networks LLC ("Ligado") respectfully requests that the Court expedite this appeal and schedule oral argument as soon as is feasible. On October 2, 2025, counsel for the government stated that the United States does not oppose this motion.

Good cause exists to support this motion. For more than five years, the government has systematically prevented Ligado from using its FCC-granted license to provide 5G terrestrial wireless communications services. That campaign of obstruction has had devastating financial effects on the company, leading to billions of dollars in sunk costs and lost profits. And after more than two years of litigation, Ligado was forced to file for bankruptcy protection, largely because the government had prevented the company from generating sufficient cash flow. With each passing month, financial harms continue to accrue to Ligado. An expeditious resolution of Ligado's takings litigation will at least allow the company to pay down its secured debt, eliminate the accrual of post-petition interest that continues during the pendency of Ligado's chapter 11 cases, and significantly enhance its balance sheet.

Ligado has made every effort to accommodate the government's many extension requests in this Court and the Court of Federal Claims. *See* Dkt. 12 at 1-2 (summarizing those efforts). But given the extreme financial burden this litigation poses, Ligado also has endeavored to keep the case moving as swiftly as possible.

*See, e.g.*, *id.* at 3-5 (opposing the government's request to extend the time to file its opening brief); Opp'n to Pet. for Leave to Appeal and Conditional Cross-Pet. for Leave to Appeal at 18-19, *Ligado Networks LLC v. United States*, No. 25-120 (Fed. Cir. Mar. 20, 2025), Dkt. 6 (describing the additional costs of interlocutory appeal). Accordingly, Ligado agreed not to oppose the government's latest extension request with respect to its reply brief, Dkt. 21, on the condition that the government not oppose this request for expedition. The government accepted that condition.

In light of the significant financial harms caused by continuing uncertainty over Ligado's FCC-granted 5G wireless authority, Ligado respectfully requests that the Court expedite this appeal and schedule oral argument as soon as is feasible. *See, e.g.*, *Mikkilineni v. Stoll*, 393 F. App'x 720 (Fed. Cir. 2010); *accord* Fed. Cir. Practice Notes to R. 27 (motion to expedite proceedings "appropriate where the normal briefing and disposition schedule may adversely affect one of the parties").

Respectfully submitted,

/s/ *Donald B. Verrilli, Jr.*
Donald B. Verrilli, Jr.
MUNGER, TOLLES & OLSON LLP
601 Massachusetts Ave. NW
 Suite 500E
Washington, DC 20001
Tel: (202) 220-1100
Email: donald.verrilli@mto.com

October 6, 2025                              *Counsel for Ligado Networks LLC*

IN THE UNITED STATES COURT OF APPEALS
FOR THE FEDERAL CIRCUIT

LIGADO NETWORKS LLC,

*Plaintiff-Appellee,*

v.

UNITED STATES,

*Defendant-Appellant.*

No. 25-1792

# DECLARATION OF DONALD B. VERRILLI, JR.

I, Donald B. Verrilli, Jr., state the following:

1. I am counsel of record for Plaintiff-Appellee Ligado Networks LLC ("Ligado") in *Ligado Networks LLC v. United States*, No. 25-1792 (Fed. Cir.). I submit this declaration under Federal Circuit Rule 27(a)(4) in support of a motion to expedite oral argument.

2. Good cause exists to support this motion. For more than five years, the government has systematically prevented Ligado from using its FCC-granted license to provide 5G terrestrial wireless communications services. That campaign of obstruction has had devastating financial effects on the company, leading to billions of dollars in sunk costs and lost profits. And after more than two years of litigation,

4

Ligado was forced to file for bankruptcy protection, largely because the government had prevented the company from generating sufficient cash flow. With each passing month, financial harms continue to accrue to Ligado. An expeditious resolution of Ligado's takings litigation will at least allow the company to pay down its secured debt, eliminate the accrual of post-petition interest that continues during the pendency of Ligado's chapter 11 cases, and significantly enhance its balance sheet.

3. Ligado has made every effort to accommodate the government's many extension requests. *See* Dkt. 12 at 1-2 (summarizing those efforts). But given the extreme financial burden this litigation poses, Ligado also has endeavored to keep the case moving as swiftly as possible. *See, e.g., id.* at 3-5 (opposing the government's request to extend the time to file its opening brief); Opp'n to Pet. for Leave to Appeal and Conditional Cross-Pet. for Leave to Appeal at 18-19, *Ligado Networks LLC v. United States*, No. 25-120 (Fed. Cir. Mar. 20, 2025), Dkt. 6 (describing the additional costs of interlocutory appeal). Accordingly, Ligado agreed not to oppose the government's latest extension request with respect to its reply brief, Dkt. 21, on the condition that the government not oppose this request for expedition. The government accepted that condition.

4. In light of the significant financial harms caused by continuing uncertainty over Ligado's FCC-granted 5G wireless authority, Ligado respectfully requests that the Court expedite this appeal and schedule oral argument as soon as is

feasible.  *See, e.g.*, *Mikkilineni v. Stoll*, 393 F. App'x 720 (Fed. Cir. 2010); *accord* Fed. Cir. Practice Notes to R. 27 (motion to expedite proceedings "appropriate where the normal briefing and disposition schedule may adversely affect one of the parties").

5. On October 2, 2025, counsel for the government stated that the United States does not oppose this motion.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on October 6, 2025.

                                            */s/ Donald B. Verrilli, Jr.*
                                            Donald B. Verrilli, Jr.

# CERTIFICATE OF COMPLIANCE

1.    The foregoing motion complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 850 words, excluding the parts of the motion exempted by Federal Rule of Appellate Procedure 32(f) and Federal Circuit Rule 32(b)(2).

2.    The foregoing motion complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type style requirements of Federal Rule of Appellate Procedure 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in Times New Roman 14-point font.

DATED: October 6, 2025        By: /s/ *Donald B. Verrilli, Jr.*
                                                  Donald B. Verrilli, Jr.

## CERTIFICATE OF SERVICE

I certify that I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system on October 6, 2025.

I further certify that all participants in this case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

| | |
|---|---|
| DATED: October 6, 2025 | By: /s/ *Donald B. Verrilli, Jr.*<br>Donald B. Verrilli, Jr. |